[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11257
Non-Argument Calendar
_____

D.C. Docket No. 5:94-cr-00002-WTM-BWC-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOBBY LEE INGRAM,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(October 14, 2020)

Before GRANT, LUCK, and EDMONDSON, Circuit Judges.

PER CURIAM:

Bobby Lee Ingram, a federal prisoner now proceeding through appellate counsel,[1] appeals the district court's denial of his motion for a sentence reduction under section 404 of the First Step Act of 2018.[2]  Reversible error has been shown; we affirm in part and vacate in part the district court's order and remand for further proceedings.

In 1995, a jury found Ingram guilty of conspiracy to possess with intent to distribute cocaine and crack cocaine,[3] in violation of 21 U.S.C. § 846 (Count 1), and 5 counts of distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Counts 6, 8, 9, 10, and 14).

The Presentence Investigation Report ("PSI") calculated Ingram's base offense level as 38.  This determination was based in part on a finding that Ingram was responsible for 4,167 grams of crack cocaine.  The PSI also classified Ingram

---

[1] Ingram was pro se when he initiated this appeal and when he filed his opening appellate brief. Ingram later retained a lawyer and filed a counseled reply brief.  We construe liberally Ingram's pro se pleadings.  See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] First Step Act of 2018, Pub. L. 115-391, § 404(b), 132 Stat. 5194, 5222.

[3] Although Ingram was charged with an offense involving both powdered and crack cocaine, the sentencing court's drug quantity finding evidences that Ingram was sentenced only for a crack cocaine offense.

as a career offender.  According to the PSI, Ingram was subject to these statutory penalties: (1) a mandatory minimum sentence of life imprisonment for Count 1, pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851; (2) a maximum sentence of 30 years for Counts 6, 8, 9, and 10, pursuant to sections 841(b)(1)(C) and 851; and (3) a sentence between 10 years and life imprisonment for Count 14, pursuant to sections 841(b)(1)(B) and 851.  Based on a total offense level of 38 and a criminal history category of VI, Ingram's advisory guidelines range was calculated as 360 months to life.  Because of Ingram's statutory mandatory sentence of life imprisonment, however, the guideline range for Count 1 became life imprisonment under U.S.S.G. § 5G1.1(c)(2).

The district court sentenced Ingram to concurrent sentences of life imprisonment on Count 1 and 360 months' imprisonment on each of the remaining counts.  We affirmed Ingram's convictions and sentences on direct appeal.  See United States v. Ingram, 100 F.3d 971 (11th Cir. 1996) (unpublished table opinion).

In 2019, Ingram filed pro se a motion to reduce his sentence pursuant to Section 404 of the First Step Act. Ingram requested concurrent sentences of 360 months for Count 1 and 262 months for Counts 6, 8, 9, 10, and 14.[4]

In March 2019, the district court denied Ingram's motion using a form order. In the "Additional Comments" section, the district court said these words:

> The defendant is not eligible for a sentence reduction pursuant to the First Step Act of 2018. The defendant is serving a mandatory life sentence for committing a federal drug offense involving 280 grams or more of crack cocaine after two prior convictions for a felony drug offense became final.

After the district court denied Ingram relief under the First Step Act -- and while Ingram's appeal was pending -- we issued our decision in United States v. Jones, 962 F.3d 1290 (11th Cir. 2020), in which we addressed the meaning and proper application of section 404 of the First Step Act. Our decision in Jones controls this appeal.

We review de novo whether a district court had the authority to modify a term of imprisonment under the First Step Act. Jones, 962 F.3d at 1296. "We review for abuse of discretion the denial of an eligible movant's request for a reduced sentence under the First Step Act." Id.

---

[4] On appeal, Ingram challenges only the district court's denial of a sentence reduction for Counts 1 and 14 and, thus, has abandoned his argument that he is eligible for a reduced sentence for Counts 6, 8, 9, and 10.

4

The First Step Act "permits district courts to apply retroactively the reduced statutory penalties for crack-cocaine offenses in the Fair Sentencing Act of 2010 to movants sentenced before those penalties became effective." Id. at 1293.[5]  Under section 404(b) of the First Step Act, "a district court that imposed a sentence for a covered offense [may] impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed." Id. at 1297 (quotations and alterations omitted).

To be eligible for a reduction under section 404(b), a movant must have been sentenced for a "covered offense" as defined in section 404(a). Id. at 1298. We have said that a movant has committed a "covered offense" if the movant's offense triggered the higher statutory penalties for crack-cocaine offenses in 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii): penalties that were later modified by the Fair Sentencing Act. See id.

In determining whether a movant has a "covered offense" under the First Step Act, the district court "must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment." Id. at 1300-01.  The pertinent question is whether the movant's conduct satisfied the drug-quantity element in sections 841(b)(1)(A)(iii) (50 grams

---

[5] Fair Sentencing Act of 2010, Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372, 2372.

or more of crack cocaine) or 841(b)(1)(B)(iii) (5 grams or more of crack cocaine) and subjected the movant to the statutory penalties in those subsections. Id. at 1301-02. If so -- and if the offense was committed before 3 August 2010 (the effective date of the Fair Sentencing Act) -- then the movant's offense is a "covered offense," and the district court may reduce the movant's sentence "as if" the applicable provisions of the Fair Sentencing Act "were in effect at the time the covered offense was committed." See First Step Act § 404(b); Jones, 962 F.3d at 1301, 1303. The actual quantity of crack cocaine involved in a movant's offense beyond the amount triggering the statutory penalty is not pertinent to determining whether a movant has a "covered offense." Jones, 962 F.3d at 1301-02.

Here, the PSI provides expressly that Ingram's convictions for Counts 1 and 14 triggered the higher statutory penalties in section 841(b)(1)(A)(iii) and in section 841(b)(1)(B)(iii), respectively. Because Ingram's offenses were committed before 3 August 2010, Ingram's offenses qualify as "covered offenses" under the First Step Act.

That Ingram satisfied the "covered offense" requirement, however, does not necessarily mean the district court was authorized to reduce his sentences for both offenses. We have said that the "as if" qualifier in section 404(b) of the First Step Act imposes two limitations on the district court's authority to reduce a sentence

6

under the First Step Act.  See Jones, 962 F.3d at 1303.  First, the district court cannot reduce a sentence where the movant "received the lowest statutory penalty that also would be available to him under the Fair Sentencing Act." Id.  "Second, in determining what a movant's statutory penalty would be under the Fair Sentencing Act, the district court is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing." Id.  In other words, a district court lacks the authority to reduce a movant's sentence if the sentence would necessarily remain the same under the Fair Sentencing Act.  See id.

Applying these limitations, the district court did lack authority to reduce Ingram's sentence for Count 1.  Based on Ingram's prior felony drug convictions and the sentencing court's finding that Ingram was responsible for 4,167 grams of crack cocaine, Ingram's sentence of life imprisonment is still the lowest possible penalty that would be available to him under the Fair Sentencing Act.  See 21 U.S.C. § 841(b)(1)(A)(iii) (2010) (providing a mandatory life sentence for offenses involving 280 grams or more of crack cocaine when a defendant has two prior felony drug convictions); Jones, 962 F.3d at 1304 (affirming the denial of movant Jackson's First Step Act motion because -- based on the sentencing court's drug-quantity finding of 287 grams of crack cocaine and Jackson's prior felony drug

convictions -- Jackson was still subject to a life sentence). Contrary to Ingram's argument on appeal, the district court was bound by its earlier drug-quantity finding and was entitled to rely on those judge-found factual findings -- made pre-Apprendi[6] -- that triggered increased statutory penalties. See Jones, 962 F.3d at 1302, 1303-04. Accordingly, we affirm the district court's determination that Ingram was ineligible under the First Step Act for a reduced sentence for Count 1.

The district court, however, did have authority to reduce Ingram's sentence for Count 14. Although the sentencing court made no specific drug-quantity finding for Count 14, the sentencing court's application of the statutory penalties in section 841(b)(1)(B) indicates that the amount of crack cocaine attributed to Ingram for Count 14 was between 5 and 49 grams. Applying the statutory penalties in effect under the Fair Sentencing Act, Ingram would be subject either to a statutory minimum sentence of 10 years under section 841(b)(1)(B)(iii) (for drug quantities of at least 28 grams) or to no statutory minimum sentence under section 841(b)(1)(C) (for drug quantities less than 28 grams). Because Ingram's 360-month sentence for Count 14 exceeds the lowest statutory penalty available under the Fair Sentencing Act, Ingram is eligible for a sentence reduction on that count under the First Step Act.

---

[6] Apprendi v. New Jersey, 530 U.S. 466 (2000).

Once a movant is deemed eligible for relief under the First Step Act, the district court still retains "wide latitude" to determine whether and to what extent to grant a sentence reduction. Id. at 1304. In exercising that discretion, district courts may consider "all the relevant factors," including the 18 U.S.C. § 3553(a) sentencing factors. Id.

When the record is ambiguous about whether the district court understood its authority to reduce a sentence under the First Step Act, we will vacate the order and remand for further proceedings. See id. at 1305. Given the language of the district court's order denying Ingram a reduced sentence, it seems to us that the district court based its decision solely on Ingram's mandatory life sentence for Count 1. Because we cannot tell whether the district court understood correctly the scope of its authority under section 404(b) to reduce Ingram's sentence for Count 14, we vacate in part the order denying Ingram's motion for a reduced sentence and remand for further proceedings.

AFFIRMED IN PART, VACATED IN PART, REMANDED.